No. 191

MIGLETZ v. N. Y. LIFE INS. CO.

Ohio Appeals, 7th Dist., Mahoning Co.

No. 1186. Decided Dec. 15, 1926

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

647. INSURANCE—Suit was begun by an insurance company to rescind a contract of insurance on the ground that it was induced to enter into the same by fradulent statements made by the insured in the application for such insurance. Held: that Sec. 9391 GC. applies, and that the burden was on the insurance company to clearly prove that some of the material statements made by the insured in his application were wilfully false and fraudulently made, and that said company or its agent had no knowledge of the falsity thereof.

First Publication of this Opinion

WASHBURN, J.

The New York Life Insurance Company brought suit in the Mahoning Common Pleas against Mike Migletz, to rescind a contract of insurance which had theretofore been entered into between said parties.

As a ground of relief, the Company set forth that Migletz had made certain statements as to his health which were material to the risk and which were absolutely false and wilfully and fraudulently made for the purpose of inducing the company to issue the policy thereon; and that same was made without any knowledge on the part of the Company. It appears also that the policy lapsed for nonpayment and same was reinstated and that the same false statements were made a second time.

The case came on for trial in the Mahoning Common Pleas and under the charge of the court, the jury returned a verdict for the company. The error complained of is the court's charge and upon error proceedings, the Court of Appeals held:

1. Sec. 9391 GC. provides an answer to an interrogatory made by an applicant in his application for a policy of insurance, shall not bar his right to recover upon the policy "unless it be clearly proven that such answer is wilfully false, was fraudulently made, - - - and also that the agent or company had no knowledge of the falsity or fraud of such answer."

2. This provision of the statute was clearly applicable to the suit brought to cancel the policy in question, and applied equally to the information furnished by the insured in his original application and in his application for the reinstatement of the policy.

3. So that in this case, if the court desired the assistance of a jury in determining those questions of fact, it should have charged the jury that the burden was upon the insurance company to cleary prove that the answers complained of were wilfully false and fraudulently made, and that the agent of the company had no knowledge of their falsity. Instead of so charging, the court, after reading from the statute, placed the burden upon Migletz.

4. This, of course, was clearly error, for by the statute, the burden was placed upon the insurance company not simply to prove said issue by a preponderance of the evidence, but it was required to clearly prove its claim that the answers in question were false and were made with a knowledge of their falsity.

Judgment reversed.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Friedman & Rummell for Migletz; D. F. Kennedy for Company; all of Youngstown.

Note—Motion to certify overruled, 5 Abs. 139.